The judgment of the court was pronounced by
Rost, J.
The plaintiff claims a town lot in the possession of the defendant. He also claims rent from the date of his purchase of said lot. The defendant alleged a title acquired by him from Bushrod Jenkins, deceased, and called the administrator of Jenkins in warranty. The administrator appeared and denied the allegations of both plaintiff and defendant. On these issues there was judgment against the plaintiff, and he has appealed.
The plaintiff introduced evidence showing that both titles were derived from a common author. Under the settled jurisprudence of this court, therefore, the defendant cannot contest the plaintiff’s title, and the only question for us is, which of the parties to the suit is vested with the rights of their common author. See the case of Bedford v. Urquhart, 8 L. R. 269.
The defendant acquired the lot from Jenkins by an authentic act, duly recorded, bearing date the 22d of October, 1844. Jenkins had acquired it under a judicial sale in the suit of Jenkins v. Nichols. That judicial sale bears date on the 8th day of May, 1843, and is not shown to have been recorded.
The plaintiff claims under a subsequent judicial sale in,the suit of himself against Nichols, which was duly recorded.
Possession passed to the defendant by the authentic act from Jenkins to him, and the plaintiff alleges his (the defendant’s) actual possession from the date of his own purchase, and claims rent on that ground. The defendant being in possession under a recorded title, this case cannot be distinguished from that of Stockton v. Briscoe, 1st Ann. 249. In that case we held, that the object of the registry laws is to make apparent the ownership of property, and that whenever the ownership appears on the public records by proper titles, the object is attained. "We adhere to this opinion. "We do not believe it is the intent, and *678 we are sure it is not the policy of the registry laws to defeat the title of purchasers in good faith under recorded deeds, on the ground that an anterior conveyance, however remote, of the same property may not have been recorded. Such an interpretation would, in our opinion, effectually destroy the security of property for which registry laws are established.
The judgment is therefore affirmed, with costs.